IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | BK Case No. 1:18-bk-01283 |
| Stephen Ray Shoemake, ) | |
| Diann Mitchell Shoemake, ) | |
| ) | Adv. Case No. 1:19-ap-90051 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SN Servicing Corporation, ) | |
| SRP 2012-4, LLC, ) | |
| ) | |
| Defendants. ) | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT SEEKING DAMAGES**
_____

SN Servicing Corporation (hereinafter, "SN Servicing") and SRP 2012-4 ("SRP") submit their Memorandum of Law in Support of the Motion to Dismiss the Complaint.

## I. SUMMARY OF ARGUMENT

Plaintiffs seek actual and punitive damages through an objection to SN Servicing and SRP's proof of claim ("POC") based upon standing, an accounting, and extent of the claim; breach of contract as to the deed of trust; violation of the Fair Debt Collection Practices Act ("FDCPA"); and, abuse of process.

SN Servicing on behalf of SRP filed the POC, attaching a copy of the Note, the Second Deed of Trust ("Second DOT"), an itemized statement of the interest, fees,

expenses, and charges, along with the statement of the amount necessary to cure the default as of the date of the petition.

SRP has standing to file the POC for the second deed of trust Second DOT because the Note attached to the POC shows that it is endorsed in blank and is therefore bearer paper. See Tenn. Code Ann. § 47-3-301.

Plaintiffs' conclusory assertions as to incorrect amounts in the POC, absent factual allegations, do not support their request for an account, which is a cause of action in equity under Tennessee state law and is more appropriately brought in another forum.

Plaintiffs are not entitled to reduce the Second DOT by the payments not made in the Plaintiffs' prior chapter 13 case. See *In re Matteson*, 535 B.R. 156, 165 (6th Cir. BAP 2015).

Plaintiffs' breach of contract claim fails because Sections 7 and 17 of the Second DOT specifically allow SRP to apply fees and charges to Plaintiffs' account that were incurred in any proceeding that may have significantly affected its interest in Plaintiffs' residence. Section 17 only requires SRP and SN Servicing to give Plaintiffs notice prior to acceleration following Plaintiffs' breach of any covenant or agreement in the Mortgage. [Adv. Cx., Doc #1, Ex. 2, pp. 16 and 18, §§ 7, 17]

SRP as a debt owner of a mortgage debt is not a "debt collector" subject to the FDCPA. See *Henson v. Santander Consumer USA Inc.*, 582 U.S. ___, ___ S.Ct. ___. ___ L.Ed.2d ___ (June 12, 2017). SN Servicing as a servicer of a mortgage debt is not a "debt collector" subject to the FDCPA. See *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. ___, ___ S.Ct. ___. ___ L.Ed.2d ___ (slip opinion, March 20, 2019).

2
Case 1:19-ap-90051    Doc 4-1    Filed 05/10/19    Entered 05/10/19 14:50:42    Desc
Memorandum of Law in Support of Motion to Dismiss    Page 2 of 14

The allegations within Plaintiffs' adversary complaint fall short of this Court invoking its inherent power to impose sanctions as that is confined to instances of "bad faith or willful abuse of the judicial process." See *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014).

## II. STANDARD OF REVIEW

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint." *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 751 (6th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

"In order to defeat a motion to dismiss [under Rule 12(b)(6)], a party's complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Gardner v. United States*, 443 Fed. Appx. 70, 73 (6th Cir. 2011) (citations omitted).

A Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* "The complaint's factual allegations must be enough to raise a right to relief above the speculative level, and state a claim to relief that is plausible

---

[1] In reviewing a Rule 12(b)(6) motion to dismiss, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Specifically, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

on its face." *Id.* It is not enough to allege facts that show a "mere possibility of misconduct" or "that are merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 at 678–79 (internal quotation marks omitted).

A court, however, is not required to accept as true allegations "which contradict documentary evidence appended to, or referenced within, the plaintiff's complaint." *Mulbarger v. Royal All. Assocs., Inc.*, 10 F. App'x 333, 335 (6th Cir. 2001). Therefore, "if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (internal quotation marks omitted).

### III. FACTUAL BACKGROUND

1. Following the commencement of a nonjudicial foreclosure on their residence, Plaintiffs filed the instant Chapter 13 case on February 27, 2018. [Adversary Complaint, ¶10]

2. Plaintiffs' bankruptcy schedules listed within the mailing matrix Shapiro & Ingle, LLP [Bankr. Doc#1, p. 45] which was the substitute trustee under a Substitution of Trustee recorded with the Maury County Register of Deeds on February 20, 2018. [Exhibit A, attached hereto] [2]

---

[2] This Court may consider documents relating to the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [the plaintiff's] claims"); *Peoples v. Bank of Am.*, No. 11-2863-STA, 2012 WL 601777, at *4 (W.D. Tenn. Feb. 22, 2012). The documents attached to Defendants' Motion to Dismiss are properly part of the pleadings, and the Court may consider them without converting the instant Motion to a motion for summary judgment.

3. Plaintiffs' bankruptcy schedules listed the Second DOT and listed Wingspan Portfolio Advisors as a secured creditor holding the Second DOT. [Bankr. Doc #1, p. 19] Subsequently, Plaintiffs amended their Schedule D to show SRP as the holder of the Second DOT.[3] [Bankr. Doc #35]

4. Plaintiffs filed a plan proposing to treat the Second DOT as a long-term debt in Part 3.1 of the plan, paying $300.00 monthly for the ongoing payment and $1,800.00 for the prepetition arrears owing on the Second DOT. [Bankr. Doc #2, p. 2]

5. On April 30, 2018, SN Servicing on behalf of SRP filed the POC showing pre-petition arrears owing of $42,341.16 on the Second DOT as well as stating the amount the ongoing regular monthly payments, attaching a copy of the Note, the Second DOT, an itemized statement of the interest, fees, expenses, and charges, along with the statement of the amount necessary to cure the default as of the date of the petition. [Adv. Cx., Ex. 2]

6. Following the May 14, 2018 Meeting of Creditors, on May 17, 2018, the Order Confirming Chapter 13 Pan was entered, listing SRP's POC as a claim to be paid under Part 3.1 as a long-term debt, with the ongoing payments to be paid and the prepetition arrears estimated at $33,209.64.

7. The confirmed plan provides that "installment payments on the secured claims listed below will be maintained, and any arrearage through the month of

---

[3] This Court may take judicial notice of material undisputed facts or record in Plaintiffs' bankruptcy-case file. The Court may take judicial notice of all documents and orders filed in the bankruptcy case and adversary proceeding as reflected on the docket sheets for these proceedings and the same are appropriate for consideration in addressing this key dispositive motion. *See, e.g.*, *In re Richardson*, 283 B.R. 783 (Bankr. D. Kan. 2007). Defendants respectfully assert that all pleadings, claims, and loan documents referenced herein are subject to judicial notice pursuant to Federal Rule of Evidence 201(b) and (d).

confirmation will be paid in full . . . both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee . . . amounts stated on a proof of claim . . . control over contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with the any such proof of claim . . . ." [Adv. Cx., Ex. 1, p. 2 of 7]

8. On September 24, 2018, the Trustee filed a Notice of Claims, which included the POC filed by SN Servicing on behalf of SRP to be paid $286.29 for ongoing monthly payments and $42,341.16 in prepetition arrearages. [Bankr. Doc #83]

9. On March 13, 2019, Plaintiffs filed the instant Adversary Proceeding through the filing of the Complaint. [Adv. Cx, Doc #1]

### IV. ARGUMENT

Plaintiffs' Complaint contradicts the confirmed plan as well as presenting issues that could or should have been raised prior to confirmation.

Plaintiffs did not object to standing when the POC was filed, at the creditor's meeting, before the order confirming the plan was entered, or when the Trustee filed the Notice of Claims. Neither did Plaintiffs request an accounting or seek to determine the extent of the lien prior to plan confirmation. Nor did Plaintiffs raise any assertion that SN Servicing and SRP breached the Second DOT terms, much less of a pre-confirmation violation of the FDCPA.

The doctrine of *res judicata* applies to the bankruptcy context. See *Brown v. Felsen*, 442 U.S. 127, 132, 99 S. Ct. 2205 (1979). 11 U.S.C. § 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claims

of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

"It is well accepted that 'once a plan is confirmed, all questions which could have been raised pertaining to such plan are res judicata." *In re Snow*, 270 B.R. 38, 41 (D. Md. 2001) (quoting *In re Luria*, 175 B.R. 601, 608 (Bankr. D. Md. 1994))).

In this case Plaintiffs proposed that they tender and SRP accept a cure of Plaintiffs' default through plan payments from the Chapter 13 Trustee, that ongoing contractual payments should continue along with payment on the pre-petition arrears. Plaintiffs did not present any challenges or causes of action related to the validity of the note and deed of trust therein or to SRP's standing to enforce the note and trust deed.

Additionally, Plaintiffs' assertion in their plan that the POC is "disputed" is of no legal consequence. See *Shoemake v. SN Servicing Corp.*, 586 B.R. 741, 745 (M.D.TN. 2018) wherein the District Court held that Plaintiffs' Plan treated the Second DOT as valid. Even though Plaintiffs allegedly disputed the claim, they included it in their Plan as a "long-term" debt.

The confirmed plan explicitly states that SRP holds a claim secured by Plaintiff's principal residence, affirms the continued application of the prepetition agreement as modified by the plan, addresses an acknowledged default, and requires contractual payments to continue with no specific basis of dispute questioning the validity of SRP's standing, or Plaintiffs' default, or the asserted breach of contract, or the asserted violation of the FDCPA.

Thus, any cause of action based upon a violation of the automatic stay under 11 U.S.C. § 362 is also based upon pre-confirmation acts. Neither standing, an accounting, nor determining the extent of the POC are post-confirmation acts that invoke Section 362. The filing of the POC cannot in itself constitute a violation of the stay. See *In re FRG, Inc.*, 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990.) *Res judicata* precludes that cause of action.

## V. OBJECTION TO CLAIM

### A. SRP and SN Servicing Have Standing to Enforce the Second DOT

Plaintiffs object to SRP's standing to file the POC, asserting that the proof of claim from Plaintiffs' prior Chapter 13 case that was disallowed because the claim was filed by a creditor shown to be unrelated to the documents attached to the claim should now be given credence. [Adv. Cx, ¶16] That claim was disallowed. It has no evidentiary value in this adversary.

The Note secured by the POC is endorsed in blank, is attached to the POC. [Adv. Cx, Ex. 2, pp. 8-11] If an endorsement is made by the holder of an instrument and it is not a special endorsement [payable to an identified person], it is a 'blank endorsement.' When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. Tenn. Code Ann. § 47-3-205(b) and (c). A person entitled to enforce a negotiable instrument includes the holder of the instrument. See Tenn. Code Ann. § 47-3-301.[4]

---

[4] See also Tenn. Code Ann. § 47-3-301, Official Comments ("In revised Article 3, Section 3-301 defines 'person entitled to enforce' an instrument. The definition recognizes that enforcement is not limited to holders . . . [and] includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights."). A "holder" is "the person [i]n possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[,]" Tenn. Code Ann. § 47-1-201(21)(A).

Plaintiffs' assertion regarding the assignment of the Second DOT has no legal effect in this instance. Under Tennessee law, the deed of trust follows the note. Whoever holds the note owns the deed. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014).

**B.     The Accounting Cause of Action Fails to State a Claim**

In Tennessee, an action for an accounting is an action in equity. Chancery courts exercise inherent jurisdiction . . . for actions for an accounting. Gibson's Suits in Chancery (7th ed. Inman 1988), § 3.

The POC itemizes the foreclosure fees and costs and the attorneys' fees. The POC is deemed allowed unless a party in interest objects. Even though Plaintiffs object, the Court must allow the POC unless one of the nine exceptions set forth in 11 U.S.C.§ 502(b) applies. Plaintiffs have not identified under what subsection of Section 502(b) they seek disallowance of the POC.

Additionally, Plaintiffs do not support this cause of action with factual allegations. They assert the principal balance in the POC is overstated by $4,011.91, that the interest in the POC is overstated by $30,674.87, and that the prepetition fees and costs are overstated by $9,417.81, all without factual or documentary support. If a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document. *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (internal quotation marks omitted).

In order to rebut the prima facie evidence a proper proof of claim provides, the objecting party must produce substantial evidence in opposition to it. See *In re Long*, 353 B.R. 1, 13 (D. Mass. 2006; see also *In re Clifford*, 255 B.R. 258, 262 (D. Mass. 2000).

Only if the objection is substantial, the claimant ``is required to come forward with evidence to support its claims . . . and bears the burden of proving its claims by a preponderance of the evidence." *In re Tracey*, 394 B.R. 635, 639 (1st Cir. BAP 2008) (citing *In re Organogenesis, Inc.*, 316 B.R. 574, 583 (Bankr. D. Mass. 2004)).

### C. Plaintiffs are Not Entitled to Reduce the Amount Owed

The Plaintiffs ask the Court to reduce the Second DOT POC by the amount that would have been received in the Plaintiffs' prior bankruptcy case had a POC been filed for the Second DOT in that case. Plaintiffs' request must be denied.

A mortgagee's failing to file a proof of claim and electing not to participate in the Chapter 13 plan does not result in the mortgagee's waiver of its right to payment on the debt. To avoid default on the mortgage loans, the Plaintiffs were still required to service the debt, if not through the plan, then by making payments outside the plan. See *In re Matteson*, 535 B.R. 156, 162-64 (6th Cir. BAP 2015) (disallowing lower court's order reducing mortgage lender's lien by amount that would have been paid under the confirmed plan had a proof of claim been filed for that lien).

### VII. Neither SRP Nor SN Servicing are Not Subject to the FDCPA Claim

SRP as a debt owner of a mortgage debt is not a "debt collector" subject to the FDCPA. See *Henson v. Santander Consumer USA Inc.*, 582 U.S. ___, ___ S.Ct. ___. ___ L.Ed.2d ___ (June 12, 2017).

"A company may collect debts that it purchased for its own account, like Santander did here, without triggering the statutory definition in dispute. By defining debt collectors to include those who regularly seek to collect debts "owed . . . another," the statute's plain

10
Case 1:19-ap-90051    Doc 4-1    Filed 05/10/19    Entered 05/10/19 14:50:42    Desc
Memorandum of Law in Support of Motion to Dismiss    Page 10 of 14

language seems to focus on third party collection agents regularly collecting for a debt owner—not on a debt owner seeking to collect debts for itself." *Id*.

SN Servicing as a servicer of a mortgage debt seeking to enforce the defaulted debt through a non-judicial foreclosure is not a "debt collector" subject to the FDCPA. *Odduskey v. McCarthy & Holthus LLP*, 586 U.S. ___, ___ S.Ct. ___. ___ L.Ed.2d ___ (March 20, 2019).

Plaintiffs assert a violation of 15 U.S.C. § 1692f(1), which forbids a debt collector from "collect[ing] any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id*. As discussed above, the Second DOT expressly provides for the lender and its agents to incur attorneys' fees to protect the lender's interest in the Property. [Second DOT, ¶7]

Plaintiffs assert a violation of 15 U.S.C. § 1692(e), which forbids the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Id*. A defendant debt collector can avoid violation of Section 1692e by itemizing the various charges that comprise the total amount of the debt. *Fields v. Wilber Law Finn*, 383 F.3d 562, 565 (7th Cir.2004). In the POC, the fees and charges were itemized. See *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 598 (7th Cir.2004) (defendant did not violate § 1692e where attorney's fees were separately listed and identified in loan payoff letter).

Plaintiffs, while enjoying the protections provided under the Bankruptcy Code in their pending Chapter 13 case, "do not need protection from abusive collection methods that are covered under the FDCPA because the [bankruptcy] claims process is highly

11
Case 1:19-ap-90051   Doc 4-1   Filed 05/10/19   Entered 05/10/19 14:50:42   Desc
Memorandum of Law in Support of Motion to Dismiss   Page 11 of 14

regulated and court controlled." *Simmons v. Round-Up Funding, LLC*, 622 F.3d 63, 95 (2d Cir. 2010) (citing cases).

Filing a proof of claim in bankruptcy cannot be the basis for an FDCPA claim, because it is not an activity against a consumer debtor. *McMillan v. Syndicated Office Systems, Inc.*, 440 B.R. 907, 914 (N.D. Ga. 2010). See *In re Williams*, 392 B.R. 882, 886 (Bankr. M.D. Fla. 2008) (granting creditor's motion to dismiss debtor's FDCPA theories of liability for filing a purportedly overstated proof of clam in violation of 15 U.S.C. §§ 1692f(1) & 1692d).

### VIII. <u>Plaintiffs Have Not Pled a Claim for Abuse of Process</u>

The pleadings fall short of this Court invoking its inherent power under 11 U.S.C. §105to impose sanctions as that is confined to instances of "bad faith or willful abuse of the judicial process." See *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014).

By Plaintiffs' assertions within the Complaint, this is not a case in which the allegations rise to the level of bad faith, practicing a fraud upon the court or defiling the temple of justice. The POC was filed for the purpose of the Second DOT being paid through the confirmed plan. *Chambers v. NASCO, Inc.*, 501 U.S. 32, a 45-46 (1991) (citations omitted). This has specifically been held not to be a fraud upon the court.

### IX. REMAINING CLAIMS

Plaintiffs fail to allege any facts that would make the automatic stay relevant to this Complaint. There are no facts within the Complaint suggesting SN Servicing or SRP performed acts against the Plaintiffs or the subject real property that could be properly construed as "any act to create, perfect, or enforce any lien against the property of the

12

Case 1:19-ap-90051    Doc 4-1    Filed 05/10/19    Entered 05/10/19 14:50:42    Desc
Memorandum of Law in Support of Motion to Dismiss    Page 12 of 14

estate," or, "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case," or, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(4)-(6).

Plaintiffs also fail to state a claim as against SN to the extent they assert that, "as a result of the above violations of [Section] 362, and pursuant to . . . 11 U.S.C. § 105, Defendant is liable to Plaintiffs," for damages, fees, and costs for the nonexistent violation of the stay.

Section 105 does not provide a private cause of action. *See e.g.*, *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000); *see also, Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189 (9th Cir. 2011); *In re Chastain*, 67 Collier Bankr. Cas. 2d (MB) 1838 (E.D. Bankr. Tenn. 2012). Because "contempt" is not a recognized cause of action, this Court should dismiss Plaintiff' contempt claim with prejudice and without leave to amend.

Fed. R. Bankr. P. 2016 has no applicability to this case or relation to any allegations in the complaint. Plaintiffs fail to offer any factual allegations or any of the claims for relief that cause "allowance of administrative expenses," an "application for compensation or reimbursement", a "disclosure of compensation paid or promised to attorney for debtor", or a "disclosure of compensation paid or promised to bankruptcy petition preparer" relevant to this Complaint.

There are no facts or allegations in the Complaint that suggest that sanctions pursuant Fed. R. Bankr. P. 9011 are appropriate. The primary purpose of Rule 9011 is to

13

Case 1:19-ap-90051    Doc 4-1    Filed 05/10/19    Entered 05/10/19 14:50:42    Desc
Memorandum of Law in Support of Motion to Dismiss    Page 13 of 14

deter unnecessary filing with the court for the benefit of the judicial process. *In re Nicola*, 258 B.R. 329, 334 (Bankr. E.D. Pa. 2001) (citing *In re Alberto*, 119 B.R. 985, 992 (Bankr. N.D. Ill. 1990)). Again, other than citing Rule 9011 in the Complaint's opening paragraph, there is no further reference to the Rule. No facts are made presenting a situation in which Rule 9011 would apply.

### III. CONCLUSION

For the reasons set forth above, SN Servicing and SRP respectfully request that this Court dismiss the Adversary Complaint, and, for such other relief that the Court deems fair and appropriate.

Respectfully submitted,

*/s/Edward D. Russell*
Edward D. Russell, #26126
The SR Law Group
PO Box 128
Mount Juliet, Tennessee 37121
(615) 559-3190
erussell@thesrlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2019, I have caused a copy of the foregoing Memorandum of Law Supporting Motion to Dismiss Complaint Seeking Damages in a Core Adversary Proceeding to be sent electronically through the Court's CM/ECF system to all parties consenting to such service in this adversary proceeding and by U.S. Mail, postage pre-paid, to Keith Slocum, P.O. Box 949, Columbia, TN 38402-0949.

*/s/Edward D. Russell*
Edward D. Russell