IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
Stephen Ray Shoemake
Diann Mitchell Shoemake                           BK:     18-01283-RM1-13
xxx-xx-9265; xxx-xx-3845
Plaintiffs

vs.

SN Servicing Corporation
SRP 2012-4, LLC
Defendant(s)                                              Adv. No. 1:19-ap-90051

**Amended Complaint Seeking Damages in a Core Adversary Proceeding**

## I. Introduction

1.     This is an action for actual and punitive damages filed by the Plaintiffs pursuant to 11 U.S.C. §105, 362,1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3001 and 9011 of the Bankruptcy Rules.

2.     This is also to determine the extent and validity of a claim, for breach of contract, Abuse of Process and for violations of the FDCPA. This is an action for actual and statutory damages filed by the Debtors for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB). This is also an action for actual and statutory damages filed by the Debtors for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601 et. seq.

## II. Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiffs in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code. This court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon section 1331 of Title 28 of the United States Code. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code and jurisdiction to hear the claims for relief under the Truth in Lending pursuant to 15 U.S.C.A. section 1641.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiffs state that portions of this complaint are core proceedings within the meaning of 28 U.S.C. § 157 and portions are non-core. With respect to any non-core claims, Plaintiffs consent to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiffs request that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Middle District of Tennessee on any such cause of action.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district.

### III. Parties

8. The Plaintiffs in this case is are Debtors under Chapter 13 of Title 11 in the above-captioned case.

9. The Defendants, SN Servicing Corporation, is a mortgage service company doing business in the state of Tennessee. The Defendant SRP 2012-4, LLC is the alleged owner of the Plaintiffs' note and deed of trust serviced by SN Servicing Corporation. Hereafter, the Defendants will be referred to as "Defendant".

### IV. Factual Allegations

10. The Plaintiffs filed for chapter 13 protection on November 30, 2011.

11. The Defendant's predecessor, SCD Recovery LLC, filed a claim via its agent Wingspan on March 22, 2012.

12. The Trustee filed a motion and the Defendant's claim was disallowed because the name did not match the documents. Following the disallowance, an adversary was filed and the Bankruptcy Court ruled that the claim disallowance was not on the merits and that ruling was upheld on appeal. That Memorandum from Judge Waverly D. Crenshaw Jr. indicated that the Defendant's predecessor's claim included an allonge which indicated that Ownit Mortgage Solutions endorsed the note to the order of Homevest Capital LLC. A copy of the note attached to the claim from the Plaintiffs' previous case is attached as Exhibit 1. There is also an assignment from MERS to Homevest Capital LLC.

13. The Plaintiffs received a discharge in their case on November 30, 2015.

14. The current Chapter 13 case of the Plaintiffs herein was commenced by the filing of a voluntary petition with the Clerk of this Court on February 27, 2018.

15. The 341(a) meeting of creditors in this case was held in Columbia, Tennessee on April 23, 2018.

16. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiffs included a disputed debt to the Defendant secured by a secondary deed of trust on the residential real estate belonging to the Plaintiffs. The plan as confirmed included treatment of that debt to the Defendant as a "continuing" debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision. A copy of the confirmation order is attached as Exhibit 3.

17. On April 30, 2018, the Defendant filed a proof of claim, copy attached as Exhibit 4.

18. On July 10, 2018, the Defendant filed a notice of post-petition fees, expenses and or charges for $2,081.00. This Court Ordered, copy attached as Exhibit 5, that $1,531.00 would be allowed and the other $550.00 for attorney fees was disallowed.

19. As the proof of claim attachment did not comply with the Bankruptcy Rules, the Plaintiffs sent a request for information "RFI" on October 26, 2018 requesting a transactional history from 2011 through the present day, attached as Exhibit 6

20. As of the filing of this amended complaint, the Defendant has not provided any the life of loan transaction history prior to 2016.

## V. Claims for Relief

### Count 1. Violation of 12 C.F.R. §1024.36 of Regulation X

21. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

22. On or about October 26, 2018, the Plaintiff made a written request to the Defendant requesting a transactional history from 2011 through the present day pursuant to 12 C.F.R. §1024.36 of Regulation, RESPA and TILA.

23. The request was made by certified mail, having a tracking number 70173380000038151982. The Request was mailed to the address noticed by Defendant on the periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

24. The request was received by the Defendant on October 30, 2018, as evidenced by the United States Postal Receipt, see Exhibit 6.

25. The (30) business days to provide a response to the request expired on November 29, 2018.

26. Defendant has not provided a transactional history from 2011.

27. As a result of Defendant's lack of compliance, Defendant is liable to the Plaintiffs for actual damages, costs, legal fees and statutory damages of up to $2,000.00. Plaintiffs were trying to identify the genesis of the numbers in the claim. Had the Defendant complied with the request, this claim may not have been necessary.

**Count 2. Failure to Comply with Rule 3001(c)- Sanctions- Late Charges/Fees**

28. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

29. The Defendant's proof of claim is not complete because it omits required information.

30. Rule 3001 requires an itemized list of fees, expenses and charges. The instructions call for a strict accounting of how the amount was applied or assessed which cannot be lumped in one line-item.

31. Although the Defendant did itemize some of the "late fees", beginning after November

15, 2016, the Defendant's claim also includes one line-item, Claim 3-1 page 6 of 26, of prior late fees totaling $1,130.49. All other late fees charged are charged in $10.00 increments meaning that this lump charge described as "prior late fees" totals more than 113 late payments without any indication of when the corresponding payments were missed.

32. The Plaintiff's note originated in September of 2006 so as of September 2016 would be a total of 120 payments due since inception.

33. The one line-item indicates that these are "prior late fees" and is dated November 15, 2016, meaning that 122 payments have been under the note.

34. As this one line-item seems to represent 113 late payments, the Defendant is now trying to collect "late fees" that had to be accumulated between November 30, 2011, the filing date of the Plaintiffs' previous bankruptcy and November 30, 2015, the discharge date of the Plaintiffs' previous bankruptcy. 48 months since the inception of this loan, the Plaintiffs were protected by an automatic stay which leaves only 74 months that could possibly have any late charge applied.

35. As the Defendant indicated to this Court in the last AP that the Defendant was not collecting fees and or charges that were assessed while the previous bankruptcy was pending, it is now clear that this Defendant is actually collecting amounts that were assessed while that bankruptcy was pending and also that the Defendant is attempting to hide that information from this Court by not itemizing and giving the individual assessments dates of those "prior late fees" but giving assessment dates of late fees-charges since the November 15, 2016.

36. The Defendant has not complied with Rule 3001 (c) and the $1,130.49 should be removed from the claim.

37. In addition, the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i).

38. Finally, the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii). Had the Defendant complied with the Rule, this claim may not have been necessary.

**Count 3. Standing to Assert Claim- Judicial Estoppel**

39. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

40. The Plaintiff challenges the Defendant's standing to assert this claim.

41. The Defendant has provided a different note in this current case than the Defendant provided to the District Court in the appeal of the last AP. The note in this case is similar but it does not contain the aforementioned allonge which should be affixed to the note, see Exhibits 1 and Exhibit 4.

42. The note's allonge specifically endorses the note to Homevest Capital LLC. The note provided in this case only includes a blank endorsement from Ownit Mortgage Solutions. Homevest Capital LLC would have to be the entity that provides a blank endorsement.

43. While possession of the note with a blank endorsement might be effective for enforcement under normal circumstances, the Memorandum from Judge Waverly D. Crenshaw Jr. indicated that the Defendant's predecessor's claim included an allonge which indicated that Ownit Mortgage Solutions endorsed the note to the order of Homevest Capital LLC. Homevest Capital LLC would be the entity that would need to provide a subsequent blank endorsement.

44. This claim does also include another assignment, absent the allonge, that attempts to transfer the ownership of the deed from Homevest Capital LLC to SRP 2012-4, LLC, it also signed off on behalf of SCD Recovery. SCD Recovery was the owner of the disallowed claim in the

Case 1:19-ap-90051   Doc 10   Filed 06/06/19   Entered 06/06/19 16:40:34   Desc Main
Document      Page 7 of 19

previous case. Again, the Defendant advised this Court in the previous AP, that SCD Recovery had nothing to do with the Defendant's claim.

45. The Defendant should be estopped from providing contrary information, especially when the information that was omitted was relied on by the District Court Judge to establish who was the rightful owner of the claim. The record indicates that Homevest Capital LLC is the owner and the note does not contain a blank endorsement from the holder with a specific endorsement from the creditor originally listed in the note and deed.

46. Based on the information outlined in the previous statements, Plaintiffs asks that the Defendant's claim be reduced to zero to be paid over the remaining life of the plan, that the Defendant forever be enjoined from collecting from the Plaintiffs and that the Deed be released upon successful completion of the plan.

**Count 4. Failure to Comply with Rule 3001(c)- Sanctions- Corporate Advances**

47. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

48. The Defendant's proof of claim is not complete because it omits required information.

49. Rule 3001 requires an itemized list of fees, expenses and charges. The instructions call for a strict accounting of how the amount was applied or assessed which cannot be lumped in one line-item.

50. The Defendant's claim includes one line-item, Claim 3-1 page 6 of 26, of prior corporate advances totaling $1,016.00.

51. The one line-item indicates that this "prior corporate advance" and is dated November 15, 2016.

Case 1:19-ap-90051    Doc 10    Filed 06/06/19    Entered 06/06/19 16:40:34    Desc Main
Document      Page 8 of 19

52. As this one line-item seems to represent a prior corporate advance, the Defendant has failed to provide the individual assessments dates of the "prior corporate advances". There is no supporting documentation with the claim that justifies or substantiates the corporate advances.

53. The Defendant has not complied with Rule 3001 (c) and the $1,016.00 should be removed from the claim.

54. In addition, the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i).

55. Finally, the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii). Had the Defendant complied with the Rule, this claim may not have been necessary.

### Count 5. Fair Debt Collection Practices Act
### SN Servicing Corporation

56. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

57. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

58. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. *Eastman v. Baker Recovery Services (In re Eastman)*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Because the FDCPA imposes strict liability, there is no requirement that the actions taken by a debt collector "be intentional or actionable." *Eastman*, 419 B.R. at 728 (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609, 613 (D. Nev. 1997)).

59. The FDCPA is also a remedial statute, and therefore must be construed liberally in favor of the debtor. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013)(quoting *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).

60. SN Servicing Corporation is a debt collector as defined in 15 U.S.C. § 1692a.

61. SN Servicing Corporation was attempting to collect a consumer debt as defined in 15 U.S.C. § 1692a.

62. Plaintiffs are a "consumer" as defined in 15 U.S.C. § 1692a.

63. SN Servicing Corporation violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2) and (10) specifically, by making false and/or misleading representations to Plaintiff, see exhibits 1, 4 and 5.

64. SN Servicing Corporation violated 15 U.S.C. § 1692f generally, and 15 U.S.C. § 1692f(1) specifically, by attempting to collect illegal monetary amounts from the Plaintiff, see Exhibits 4 and 5.

65. Upon information and belief, SN Servicing Corporation's actions described herein are the manifestation of a pattern and practice of conduct by SN Servicing Corporation which is either required, or not specifically prohibited by its policies and procedures, to ignore the provisions of the Bankruptcy Code and fair debt collection laws applicable to it, and to illegally collect or attempt to collect debts from unsophisticated debtors. Accordingly, the SN Servicing Corporation's actions constitute unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f generally and §1692(f)(1) specifically.

66. As a direct and proximate result of SN Servicing Corporation's violations of the FDCPA, Plaintiffs have been damaged. Plaintiffs do not believe that the recent Supreme Court decision in *Obduskey* is applicable in this case. *Obduskey* held that a process of a law firm conducting a non-judicial foreclosure would generally not violate the FDCPA. Here, SN Servicing is

a mortgage servicing company that took over this account while it was in default and have violated numerous provisions of the FDCPA.

67. Plaintiffs are entitled to and seek actual damages, statutory damages, and attorneys' fees as provided in 15 U.S.C. § 1692k.

### Count 6. Determination of Extent of the Claim

68. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

69 The Defendant failed to have an allowed secured claim in the previous case. The Plaintiffs received a discharge. Although the plan attempted to treat the Defendant's claim as a 1322(b)(5) long term claim, the Defendant failed to establish an allowed secured claim and therefore was subject to treatment outside of 1322(b)(5) even though the lien may have passed through the discharge.

70. The Plaintiffs ask that the Court reduce the Defendant's claim by the amount that the Defendant would have received had it established an allowed 1322(b)(5) in the Plaintiffs' prior case. The Plaintiffs further request that Court disallow any fees, cost and or charges, interest or otherwise that are attributable to the time period while the Plaintiffs were in the previous bankruptcy. Judicial estoppel should prohibit the Defendant from asserting a claim that includes amounts that the Defendant and or the Defendant's predecessor would have received in the Plaintiffs previously discharged bankruptcy. The Defendant has acted in bad faith relating to representations made to the Court in the previous case and in the handling of the Plaintiffs' account.

71. The Defendant's bad faith actions have created a substantial benefit for the Defendant while creating substantial damages to the Plaintiffs. The total claim in the Plaintiffs' previous case was $45,454.43. The total claim in this case is $74,440.61. The Plaintiffs paid all payments due

under their previous plan and the Defendant intentionally did not provide sufficient paperwork to have an allowed claim.  The Defendant then made representations that the note in the Plaintiffs' case contains an allonge which makes the note payable to Homevest.  However, the claim in this case no longer has the affixed allonge attached.  The Defendant made representations that it did not charge fees associated with the previous bankruptcy but clearly did.

72.     The Plaintiffs ask this Court to determine the appropriate amount, if any amount, of the Defendant's claim and for whatever other relief, sanctions for failure to comply with 11 USC 502 (b)(1) and for failure to comply with Rule 3001.  The Plaintiffs further ask that the Court grant whatever other relief, injunctive or otherwise that is appropriate.

### Count 7. Breach of Contract- deed of trust/note

73.     Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

74.      A contractual relationship exists between the Plaintiffs and Defendant.

75.     The parties note and deed of trust control the continuing mortgagor/mortgage relationship.  The Defendant has breached by not giving proper notice to the Plaintiffs' pursuant to provision 12 in the deed of trust.  It provides that notice shall be given by certified mail.

76.      The Defendant asserts $9,417.81 in pre-petition fees, cost and charges due.  However, the Plaintiffs submit that they did not get certified mail notice concerning these charges and that these charges are excessive and unreasonable.

77.      On Pages 6 and 7 of 26, Claim 3-1, the Defendant applies monies received to prior corporate advances and prior late fees, these are $119.00 on 5/17/2017, $987.39 on 11/27/2017 and $864.00 on November 37, 2017.  The application of the monies received violates the application of payment provisions of the parties note and deed, see Exhibit 4.

78. Based on the foregoing, the Defendant has breached the contract between the parties, the Plaintiffs have been damaged and are entitled to damages and equitable relief.

### Count 8.  Failure to Comply with Rule 3001(c)- Sanctions- Attorney's Fees

79. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

80. The Defendant's proof of claim is not complete because it omits required information.

81. Rule 3001 requires an itemized list of fees, expenses and charges. The instructions call for a strict accounting of how the amount was applied or assessed which cannot be lumped in one line-item.

82. However, the Defendant does lump these substantial attorney's fees totaling $8,015.00 into only four line-items, as follows:

> 9/18//2017  $3,125.00
> 11/3/2017   $3,000.00
> 11/13/2017    $390.00
> 12/29/2017  $1,500.00

83. As a preliminary matter, the agreement between Plaintiffs and the note holder provides that the note holder will have the right to be paid back for all of its cost and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. Although this the agreement between the note holder and the Plaintiffs, the Plaintiffs do not have an agreement with SN servicing or with any attorney regarding the aforementioned attorney's fees.

84. At the genesis of these fees, there has to be a contract between the attorney and the note holder or at least between the attorney providing the service and the servicer.

85. No fees have been awarded to the Defendant in previous litigation, so the Plaintiffs are unaware of what the fees are and think that they are both excessive and unreasonable.

86. Relating to the $8,015.00 in attorney's fees, the Defendant has not provided a contract for legal services or any supporting documents that would justify or substantiate $8,015.00 in attorney's fees. The Defendant has also failed to provide a strict accounting for these fees and instead just lumps them together into the four line-items.

87. Even if the Plaintiffs give the Defendant the benefit of the doubt that a contract for these legal services actually exists, that contract is only allowed pursuant to the parties note and deed. The agreement is governed by its terms by the laws of the state of Tennessee. In Tennessee the Rule is:

> **a)** A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
>
>> **(1)** the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>> **(2)** the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>> **(3)** the fee customarily charged in the locality for similar legal services;
>> **(4)** the amount involved and the results obtained;
>> **(5)** the time limitations imposed by the client or by the circumstances;
>> **(6)** the nature and length of the professional relationship with the client;
>> **(7)** the experience, reputation, and ability of the lawyer or lawyers performing the services;
>> **(8)** whether the fee is fixed or contingent;
>> **(9)** prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>> **(10)** whether the fee agreement is in writing.

88. The Defendant has not provided any information regarding a reasonable fee, but claims to be owed $8,015.00 in Attorney fees.

89. It is likely that a Court would determine that $8,015.00 is not reasonable a attorney's Fees, See Exhibit 5, as this Court has already determined that this Defendant was not entitled to some of the requested fees. That fee request was more substantial in substance than the

$8,015.00 included with the claim.

90. The Defendant has not complied with Rule 3001 (c) and the $8,015.00 should be removed from the claim.

91. In addition, the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i).

92. Finally, the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii). Had the Defendant complied with the Rule, this claim may not have been necessary.

### COUNT 9. ABUSE OF PROCESS

93. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

94. SN Servicing Corporation's ulterior motive is to collect unlawful and unreasonable fees/charges without Court approval.

95. SN Servicing Corporation is abusing the bankruptcy claim process to collect these unreasonable fees/charges.

96. The Plaintiffs and SN Servicing Corporation have a historical dispute and previous litigation regarding SN Servicing Corporation's claim. The Court's rulings in the previous litigation did not specifically award SN Servicing Corporation any attorney's fees.

97. SN Servicing Corporation now appears to be attempting to collect fees arising out of the ongoing dispute via the bankruptcy claim process. Although the claim includes fees and cost due of $9,417.81, there is no actual documentation corresponding to the fees and cost claimed. Additionally, there is no documentation to support the name of the attorney who performed the

services for attorney's fees itemized in the claim attachment and no documentation that support or justifies any cost itemized in the claim attachment.

98. SN Servicing Corporation's attempt to collect these fees and cost through the claims process is an abuse of the Bankruptcy process. This Court has already disallowed at least some post-petition fees, see Exhibit 5. Since no Court had authorized fees and cost relating to the parties' previous litigation or the parties ongoing dispute, attempting to collect those by filing a claim is an abuse of the process.

99. Based on foregoing, SN Servicing Corporation is liable to the Plaintiffs for payment of damages and equitable relief.

### Actual Damages

100. The Plaintiffs incorporate herein by reference all preceding paragraphs as if fully set forth herein.

101. In this case, the Plaintiffs have suffered the following actual damages:

   a. Costs
   b. Attorney fees
   c. Mailings
   d. Paying interest on the incorrect loan amount
   e. Paying fees and charges that unauthorized, illegal and/or unnecessary and the interest that then gets paid on the total loan amount
   f. Emotional distress- anxiety, stress, loss of consortium, fear of losing their home

**WHEREFORE,** the Plaintiff having set forth the claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiffs recover actual and statutory damages and attorney's fees based on the Plaintiffs' first count, clear pattern and practice, for relief under the provisions of RESPA and Regulation X, (paragraphs 21-27,100-101) and the factual allegations.

B.     That based on the Plaintiffs' second count, (paragraphs 28-38,100-101), for the Defendant's failure to provide information regarding the "Prior Late fees", the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 ( c ) (2)(d)(i) and the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 ( c ) (2)(d)(ii).

C.     That based on the Plaintiffs' third count, (paragraphs 39-46, 100-101), Plaintiffs asks that the Defendant's claim be reduced to zero to be paid over the remaining life of the plan, that the Defendant forever been enjoined from collecting from the Plaintiffs and that the Deed be released.

D.     That based on the Plaintiffs' fourth count, (paragraphs 47-55,100-101), for the Defendant's failure to provide information regarding the "Prior Corporate Advances", the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 ( c ) (2)(d)(i) and the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 ( c ) (2)(d)(ii).

E.     That the Plaintiffs recover from SN Servicing Corporation actual, statutory and punitive damages and attorney's fees based on the Plaintiffs' third claim for relief for violations under the FDCPA, (paragraphs 56-67, 100-101), the factual allegations and 15 U.S.C. §1692.

F.      For an Order establishing the appropriate amount, if any amount, of the Defendant's claim based the Plaintiffs' sixth count and request for a determination (paragraphs 68-72, 100-101) for relief under the provisions of and 11 U.S.C. § 105, 501, 502, 362, 506, 1322, 1325 and Rule 3001.

G.    Based on the Plaintiffs' seventh count claim for relief (paragraphs 73-78, 100-101), that the Plaintiffs be awarded equitable relief, including but limited to injunctive relief, compensatory and punitive damages including attorney's fees, for the Defendant's breach of the note/deed of trust.

H.    That based on the Plaintiffs' eighth count, (paragraphs 79-92,100-101), for the Defendant's failure to provide information regarding the attorney's fees, the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 ( c ) (2)(d)(i) and the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 ( c ) (2)(d)(ii).

I.    Based on the Plaintiffs' fourth claim for relief (paragraphs 93-100-101), the Plaintiff seeks to recover against SN Servicing Corporation the appropriate damages and equitable relief for the Plaintiffs' abuse of process claim.

J.    That the Plaintiffs recover against the Defendants all reasonable legal fees and expenses incurred by the Plaintiffs' attorney.

K.    That the Defendants be forever enjoined from doing any act to collect or to receive payment from the Plaintiffs.

L.    That the Plaintiffs recover any further relief as the Court may deem just and proper.

Dated this the   6th   day of        June       , 2019.

Harlan, Slocum & Quillen,

/s/ Keith D Slocum
Keith D. Slocum BPR 023024
39B Public Square
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com

bknotices@robertharlan.com
*Attorney for Plaintiffs*

Exhibit List:

Exhibit 1: Note 3.22.2012
Exhibit 2: Discharge previous case
Exhibit 3: Confirmation order
Exhibit 4: POC 4.30.2018
Exhibit 5: 3002.1 Order
Exhibit 6: RFI LOLTH 2001 through present day