**Fill in this information to identify the case:**

Debtor 1    Stephen Ray Shoemake

Debtor 2    Diann Mitchell Shoemake
(Spouse, if filing)

United States Bankruptcy Court for the:   Middle District of Tennessee

Case number   18-01283

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

SRP 2012-4 LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

SN SERVICING CORPORATION
Name

323 5TH ST
Number    Street

EUREKA      CA      95501
City      State      ZIP Code

Contact phone   800-603-0836

Contact email   BKNOTICES@SNSC.COM

**Where should payments to the creditor be sent?** (if different)

Name

Number    Street

City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
     MM   /   DD   /   YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Case 18-01283    Claim 3-1    Filed 04/06/19    Proof of Claim    Desc Main Document    06/09/16:40   Page 1 of 26    page 1

Exhibit     Page 1 of 26

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No <br> ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   9   6   6   7 |
| 7. **How much is the claim?** | $_____74,440.61__. **Does this amount include interest or other charges?** <br> ☐ No <br> ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br><br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br><br> Limit disclosing information that is entitled to privacy, such as health care information. <br><br> Money Loaned |
| 9. **Is all or part of the claim secured?** | ☐ No <br> ☑ Yes.   The claim is secured by a lien on property. <br><br> **Nature of property:** <br> ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:**    NOTE & MORTGAGE <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:**    $_____ <br> **Amount of the claim that is secured:**    $____74,440.61 <br> **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:**    $_____42,341.16 <br><br> **Annual Interest Rate** (when case was filed)__9.25__% <br> ☑ Fixed <br> ☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No <br><br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No <br><br> ☑ Yes. Identify the property: 1728 AUBURN LANE COLUMBIA, TN 38401-0000 |

Case 1:18-bk-01905 Claim 3-1 Filed 04/30/18 Desc Main Document Page 2 of 26 <br>
Case 1:18-bk-01905 Doc 31-4 Filed 06/06/19 Entered 06/06/19 16:40 Page 2 of 26 <br>
Exhibit of Claim Page 2 of 26 <br>
Official Form 410      Proof of Claim      page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).      $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).      $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).      $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).      $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).      $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.      $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    04/21/2018
               MM / DD / YYYY

/s/ Angela Kristen Viale
_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Angela | Kristen | Viale |
| | First name | Middle name | Last name |
| Title | Bankruptcy Asset Manager | | |
| Company | SN Servicing Corporation | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 323 5th St. | | |
| | Number      Street | | |
| | Eureka | Ca | 95501 |
| | City | State | ZIP Code |
| Contact phone | 800-603-0836 | Email | BKNotices@snsc.com |

# Mortgage Proof of Claim Attachment

**(12/15)**

If you claim a secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearages as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 18-01283 | Principal balance: | $34,347.93 | Principal & interest due: | $32,923.35 | Principal & interest: | $286.29 |
| Debtor 1: | Stephen R Shoemake | Interest due: | $30,674.87 | Prepetition fees due: | $9,417.81 | Monthly escrow: | $0.00 |
| Debtor 2: | Diann M Shoemake | Fees, costs due: | $9,417.81 | Escrow deficiency for funds | | Private mortgage | |
| Last 4 digits to Identify: | 9667 | Escrow deficiency for | | advanced: | $0.00 | insurance: | $0.00 |
| Creditor: | SRP 2012-4 LLC | funds advanced: | $0.00 | Projected escrow shortage: | $0.00 | Total monthly | |
| Servicer: | SN Servicing | Less total funds on hand: | $0.00 | Less funds on hand: | $0.00 | payment: | $286.29 |
| | | Total Debt: | $74,440.61 | Total prepetition arrearage: | $42,341.16 | | |

Fixed accrual/daily
simple interest/other: Fixed

## Part 5: Loan Payment History from First Date of Default

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, int & Esc past due balance | H. Amount to principal | I. Amount to Interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/ Charges balance | Q. Unapplied funds balance |
| 8/1/08 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $286.29 | | | | | | $34,347.93 | | | | |
| 9/1/08 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $572.58 | | | | | | $34,347.93 | | | | |
| 10/1/08 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $858.87 | | | | | | $34,347.93 | | | | |
| 11/1/08 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $1,145.16 | | | | | | $34,347.93 | | | | |
| 12/1/08 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $1,431.45 | | | | | | $34,347.93 | | | | |
| 1/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $1,717.74 | | | | | | $34,347.93 | | | | |
| 2/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $2,004.03 | | | | | | $34,347.93 | | | | |
| 3/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $2,290.32 | | | | | | $34,347.93 | | | | |
| 4/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $2,576.61 | | | | | | $34,347.93 | | | | |
| 5/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $2,862.90 | | | | | | $34,347.93 | | | | |
| 6/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $3,149.19 | | | | | | $34,347.93 | | | | |
| 7/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $3,435.48 | | | | | | $34,347.93 | | | | |
| 8/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $3,721.77 | | | | | | $34,347.93 | | | | |
| 9/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $4,008.06 | | | | | | $34,347.93 | | | | |
| 10/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $4,294.35 | | | | | | $34,347.93 | | | | |
| 11/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $4,580.64 | | | | | | $34,347.93 | | | | |
| 12/1/09 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $4,866.93 | | | | | | $34,347.93 | | | | |
| 1/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $5,153.22 | | | | | | $34,347.93 | | | | |
| 2/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $5,439.51 | | | | | | $34,347.93 | | | | |
| 3/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $5,725.80 | | | | | | $34,347.93 | | | | |
| 4/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $6,012.09 | | | | | | $34,347.93 | | | | |
| 5/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $6,298.38 | | | | | | $34,347.93 | | | | |
| 6/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $6,584.67 | | | | | | $34,347.93 | | | | |
| 7/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $6,870.96 | | | | | | $34,347.93 | | | | |
| 8/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $7,157.25 | | | | | | $34,347.93 | | | | |
| 9/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $7,443.54 | | | | | | $34,347.93 | | | | |
| 10/1/10 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $7,729.83 | | | | | | $34,347.93 | | | | |

Official Form 410

Case 18-01283 Claim 3-1 Filed 04/06/19 Desc Main Document Page 2 of 26
Case 18-bk-01283 Doc 31-4 Filed 03/06/19 Entered 03/06/19 16:40 Page 4 of 26
Exhibit    Page 4 of 26

page 1 of 4

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/1/10 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $8,016.12 | | | | | | $34,347.93 | | | |
| 12/1/10 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $8,302.41 | | | | | | $34,347.93 | | | |
| 1/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $8,588.70 | | | | | | $34,347.93 | | | |
| 2/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $8,874.99 | | | | | | $34,347.93 | | | |
| 3/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $9,161.28 | | | | | | $34,347.93 | | | |
| 4/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $9,447.57 | | | | | | $34,347.93 | | | |
| 5/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $9,733.86 | | | | | | $34,347.93 | | | |
| 6/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $10,020.15 | | | | | | $34,347.93 | | | |
| 7/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $10,306.44 | | | | | | $34,347.93 | | | |
| 8/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $10,592.73 | | | | | | $34,347.93 | | | |
| 9/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $10,879.02 | | | | | | $34,347.93 | | | |
| 10/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $11,165.31 | | | | | | $34,347.93 | | | |
| 11/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $11,451.60 | | | | | | $34,347.93 | | | |
| 12/1/11 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $11,737.89 | | | | | | $34,347.93 | | | |
| 1/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $12,024.18 | | | | | | $34,347.93 | | | |
| 2/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $12,310.47 | | | | | | $34,347.93 | | | |
| 3/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $12,596.76 | | | | | | $34,347.93 | | | |
| 4/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $12,883.05 | | | | | | $34,347.93 | | | |
| 5/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $13,169.34 | | | | | | $34,347.93 | | | |
| 6/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $13,455.63 | | | | | | $34,347.93 | | | |
| 7/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $13,741.92 | | | | | | $34,347.93 | | | |
| 8/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $14,028.21 | | | | | | $34,347.93 | | | |
| 9/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $14,314.50 | | | | | | $34,347.93 | | | |
| 10/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $14,600.79 | | | | | | $34,347.93 | | | |
| 11/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $14,887.08 | | | | | | $34,347.93 | | | |
| 12/1/12 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $15,173.37 | | | | | | $34,347.93 | | | |
| 1/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $15,459.66 | | | | | | $34,347.93 | | | |
| 2/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $15,745.95 | | | | | | $34,347.93 | | | |
| 3/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $16,032.24 | | | | | | $34,347.93 | | | |
| 4/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $16,318.53 | | | | | | $34,347.93 | | | |
| 5/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $16,604.82 | | | | | | $34,347.93 | | | |
| 6/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $16,891.11 | | | | | | $34,347.93 | | | |
| 7/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $17,177.40 | | | | | | $34,347.93 | | | |
| 8/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $17,463.69 | | | | | | $34,347.93 | | | |
| 9/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $17,749.98 | | | | | | $34,347.93 | | | |
| 10/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $18,036.27 | | | | | | $34,347.93 | | | |
| 11/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $18,322.56 | | | | | | $34,347.93 | | | |
| 12/1/13 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $18,608.85 | | | | | | $34,347.93 | | | |
| 1/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $18,895.14 | | | | | | $34,347.93 | | | |
| 2/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $19,181.43 | | | | | | $34,347.93 | | | |
| 3/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $19,467.72 | | | | | | $34,347.93 | | | |
| 4/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $19,754.01 | | | | | | $34,347.93 | | | |
| 5/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $20,040.30 | | | | | | $34,347.93 | | | |
| 6/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $20,326.59 | | | | | | $34,347.93 | | | |
| 7/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $20,612.88 | | | | | | $34,347.93 | | | |
| 8/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $20,899.17 | | | | | | $34,347.93 | | | |
| 9/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $21,185.46 | | | | | | $34,347.93 | | | |
| 10/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $21,471.75 | | | | | | $34,347.93 | | | |
| 11/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $21,758.04 | | | | | | $34,347.93 | | | |
| 12/1/14 | $286.29 | | $286.29 Mortgage Pmt | 8/1/08 | $22,044.33 | | | | | | $34,347.93 | | | |

Official Form 410

Case: 18-bk-01205 Claim 3-1 Filed 04/06/19 Desc Main Document Page 5 of 26
Case 18-01205 Doc 31-4 Filed 04/06/19 Entered 04/06/19 16:40 Page 5 of 26
Exhibit     Page 5 of 26

page 2 of 4

| Date | | | | | Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $22,330.62 | | | | | | $34,347.93 | | | |
| 2/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $22,616.91 | | | | | | $34,347.93 | | | |
| 3/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $22,903.20 | | | | | | $34,347.93 | | | |
| 4/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $23,189.49 | | | | | | $34,347.93 | | | |
| 5/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $23,475.78 | | | | | | $34,347.93 | | | |
| 6/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $23,762.07 | | | | | | $34,347.93 | | | |
| 7/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $24,048.36 | | | | | | $34,347.93 | | | |
| 8/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $24,334.65 | | | | | | $34,347.93 | | | |
| 9/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $24,620.94 | | | | | | $34,347.93 | | | |
| 10/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $24,907.23 | | | | | | $34,347.93 | | | |
| 11/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $25,193.52 | | | | | | $34,347.93 | | | |
| 12/1/15 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $25,479.81 | | | | | | $34,347.93 | | | |
| 1/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $25,766.10 | | | | | | $34,347.93 | | | |
| 2/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $26,052.39 | | | | | | $34,347.93 | | | |
| 3/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $26,338.68 | | | | | | $34,347.93 | | | |
| 4/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $26,624.97 | | | | | | $34,347.93 | | | |
| 5/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $26,911.26 | | | | | | $34,347.93 | | | |
| 6/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $27,197.55 | | | | | | $34,347.93 | | | |
| 7/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $27,483.84 | | | | | | $34,347.93 | | | |
| 8/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $27,770.13 | | | | | | $34,347.93 | | | |
| 9/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $28,056.42 | | | | | | $34,347.93 | | | |
| 10/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $28,342.71 | | | | | | $34,347.93 | | | |
| 11/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $28,629.00 | | | | | | $34,347.93 | | | |
| 11/15/16 | $286.29 | | $1,130.49 | Prior Late Fees | 8/1/08 | | | | | | | $34,347.93 | | $1,130.49 | |
| 11/15/16 | $286.29 | | $1,016.00 | Prior Corp Adv | 8/1/08 | | | | | | | $34,347.93 | | $2,146.49 | |
| 12/1/16 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $28,915.29 | | | | | | $34,347.93 | | | |
| 1/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $29,201.58 | | | | | | $34,347.93 | | | |
| 1/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,156.49 | |
| 2/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $29,487.87 | | | | | | $34,347.93 | | | |
| 2/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,166.49 | |
| 3/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $29,774.16 | | | | | | $34,347.93 | | | |
| 3/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,176.49 | |
| 4/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $30,060.45 | | | | | | $34,347.93 | | | |
| 4/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,186.49 | |
| 5/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $30,346.74 | | | | | | $34,347.93 | | | |
| 5/17/17 | $286.29 | $119.00 | | Pmt to corp adv | 8/1/08 | | | | | | | $34,347.93 | | $2,067.49 | |
| 5/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,077.49 | |
| 6/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $30,633.03 | | | | | | $34,347.93 | | | |
| 6/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,087.49 | |
| 7/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $30,919.32 | | | | | | $34,347.93 | | | |
| 7/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,097.49 | |
| 8/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $31,205.61 | | | | | | $34,347.93 | | | |
| 8/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,107.49 | |
| 9/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $31,491.90 | | | | | | $34,347.93 | | | |
| 9/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $2,117.49 | |
| 9/18/17 | $286.29 | | $3,125.00 | Atty Fee | 8/1/08 | | | | | | | $34,347.93 | | $5,242.49 | |
| 10/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $31,778.19 | | | | | | $34,347.93 | | | |
| 10/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $5,252.49 | |
| 11/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $32,064.48 | | | | | | $34,347.93 | | | |
| 11/3/17 | $286.29 | | $3,000.00 | Atty Fee | 8/1/08 | | | | | | | $34,347.93 | | $8,252.49 | |

| Date | Amount | | Fee | Fee Type | Date 2 | Mortgage | | | | | | Balance | | Amount 2 |
|------|--------|------|-------|------------|--------|-----------|---|---|---|---|---|------------|---|-----------|
| 11/13/17 | $286.29 | | $390.00 | Atty Fee | 8/1/08 | | | | | | | $34,347.93 | | $8,642.49 |
| 11/17/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $8,652.49 |
| 11/27/17 | $286.29 | $987.39 | | Pmt to Prior Late | 8/1/08 | | | | | | | $34,347.93 | | $7,665.10 |
| 11/27/17 | $286.29 | $864.00 | | Pmt to corp adv | 8/1/08 | | | | | | | $34,347.93 | | $6,801.10 |
| 12/1/17 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $32,350.77 | | | | | | $34,347.93 | | |
| 12/12/17 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $6,811.10 |
| 12/29/17 | $286.29 | | $1,500.00 | Atty Fee | 8/1/08 | | | | | | | $34,347.93 | | $8,311.10 |
| 1/1/18 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $32,637.06 | | | | | | $34,347.93 | | |
| 1/12/18 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $8,321.10 |
| 1/30/18 | $286.29 | | $365.00 | FC Fees | 8/1/08 | | | | | | | $34,347.93 | | $8,686.10 |
| 2/1/18 | $286.29 | | $286.29 | Mortgage Pmt | 8/1/08 | $32,923.35 | | | | | | $34,347.93 | | |
| 2/5/18 | $286.29 | | $19.71 | FC Fees | 8/1/08 | | | | | | | $34,347.93 | | $8,705.81 |
| 2/12/18 | $286.29 | | $10.00 | Late Fee | 8/1/08 | | | | | | | $34,347.93 | | $8,715.81 |
| 2/16/18 | $286.29 | | $12.00 | FC Fees | 8/1/08 | | | | | | | $34,347.93 | | $8,727.81 |
| 2/25/18 | $286.29 | | $690.00 | FC Fees | 8/1/08 | | | | | | | $34,347.93 | | $9,417.81 |

Exhibit    Page 7 of 26

# NOTE

JULY 17, 2006        ALPHARETTA        GEORGIA
Date                    City                 State

1728 AUBURN LANE, COLUMBIA, TENNESSEE 38401
Property Address         City           State           Zip Code

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $34,800.00      (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of 9.250 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 286.29
I will make my payments on the 1st day of each month beginning on SEPTEMBER 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on AUGUST 1, 2036, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at P.O. BOX 4387, HOUSTON, TEXAS 77210-4387
           or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $10.00 and not more than U.S. $N/A . I will pay this late charge only once on any late payment.

**(B) Notice From Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

---

TENNESSEE-SECOND MORTGAGE-1/80                           DocMagic 800-649-1362
Page 1 of 3                                 www.docmagic.com

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated JULY 17, 2006 , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

\*\* See attached Prepayment Note Addendum.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

---

TENNESSEE-SECOND MORTGAGE-1/80

DocMagic *800-649-1362*
www.docmagic.com

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
STEPHEN SHOEMAKE                -Borrower

_____ (Seal)
MARYDIANN SHOEMAKE              -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

*[Sign Original Only]*

TENNESSEE-SECOND MORTGAGE-1/80
3943

Page 3 of 3

DocMagic CPhone: 800-649-1362
www.docmagic.com

PAY TO THE ORDER OF

WITHOUT RECOURSE
OWNIT MORTGAGE SOLUTIONS, INC.
A CALIFORNIA CORPORATION

BY: _____
Christal Brunson, Lead Closer

# PREPAYMENT ADDENDUM TO NOTE

Date: JULY 17, 2006

Borrower(s): STEPHEN SHOEMAKE, MARYDIANN SHOEMAKE

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this 17th day of
JULY, 2006 , and is incorporated into and shall be deemed to amend and supplement
that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of OWNIT
MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of
Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date
as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the
Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower
and Lender further covenant and agree as follows:

Section **6** of the Note is amended to read in its entirety as follows:

## 6 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE
I have the right to make payments of Principal at any time before they are due. A payment
of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note
Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not
made all the monthly payments due under the Note.
The Note Holder will use my Prepayments to reduce the amount of Principal that I owe
under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid
interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount
of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my
monthly payment unless the Note Holder agrees in writing to those changes.
If the Note contains provisions for a variable interest rate, my partial Prepayment may
reduce the amount of my monthly payments after the first Change Date following my partial
Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest
rate increase. If this Note provides for a variable interest rate or finance charge, and the interest
rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is
allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under
applicable law.
If within TWENTY-FOUR ( 24 ) months from the date the Security Instrument is
executed I make a full Prepayment or one or more partial Prepayments, and the total of all such
Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount
of the loan, I will pay a Prepayment charge in an amount equal to SIX ( 6 )
months' advance interest on the amount by which the total of my Prepayments within any 12-month
period exceeds twenty percent (20%) of the original Principal amount of the loan.

---

DocMagic *Roman* 800-649-1362
www.docmagic.com

Case 8:19-01-26851 Clan Doc 311-4 Filed 04/06/10/09/19 Desc Main 06/06/10 16:40 Page 12 of 26
Exhibit    Page 12 of 26

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

_Stephen Shoemake_ 7/17/06   _Marydiann Shoemake_ 7/17/06
Borrower STEPHEN SHOEMAKE   Date   Borrower MARYDIANN SHOEMAKE   Date

_____   _____
Borrower                Date   Borrower                Date

_____   _____
Borrower                Date   Borrower                Date

MULTISTATE PREPAYMENT ADDENDUM TO NOTE   DocMagic eFarms 800-649-1362
6/03   Page 2 of 2   www.docmagic.com

This Instrument Was Prepared By:
OWNIT MORTGAGE SOLUTIONS
11700 GREAT OAKS WAY, #360
ALPHARETTA, GA 30022

After Recording Return To:
OWNIT MORTGAGE SOLUTIONS, INC.
27349 AGOURA RD., SUITE 100
AGOURA HILLS, CALIFORNIA 91301
Loan Number:

| | |
|---|---|
| 2 PGS : AL - TRUST DEED | |
| BATCH : 54630 | |
| 08/12/2006 - 09:05 AM | |
| VALUE | 34800.00 |
| MORTGAGE TAX | 37.72 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 45.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 1.00 |
| TOTAL AMOUNT | 85.72 |

STATE OF TENNESSEE, MAURY COUNTY
**JOHN FLEMING**
REGISTER OF DEEDS

————————— [Space Above This Line For Recording Data] —————————

## DEED OF TRUST

The maximum principal indebtedness for Tennessee recording tax purposes is $34,800.00 .

   THIS DEED OF TRUST is made this 17th day of JULY, 2006 , among the
Grantor, STEPHEN SHOEMAKE AND MARYDIANN SHOEMAKE, HUSBAND AND WIFE

(herein "Borrower"),
THE TITLE SHOP, LLC
*OF BRENTWOOD, TENNESSEE*                                    (herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION
is organized and existing under the laws of CALIFORNIA                           and has an address of
27349 AGOURA ROAD, SUITE 100, AGOURA HILLS, CALIFORNIA 91301

(herein "Lender").

   BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants
and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
MAURY                          , State of Tennessee:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 101E-F-010.00

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST
LIEN(S) OF RECORD.

———————————————————————————————————————————
TENNESSEE-SECOND MORTGAGE-1/80                                          DocMagic *(800)649-1362*
Form 3843 - AS AMENDED FOR MERS          Page 1 of 8          www.docmagic.com

*Mail:*

HODGES AND FOOSHEE
1612 WESTGATE CIRCLE
BRENTWOOD, TN 37027

which has the address of 1728 AUBURN LANE

[Street]

COLUMBIA , Tennessee 38401 (herein "Property Address");

[City]     [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated JULY 17, 2006 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 34,800.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on AUGUST 1, 2036 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

DocMagic ᴱ𝘧𝘰𝘳𝘮𝘴 800-649-1362
www.docmagic.com

TN3843.mzd.2.tem



If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to

TN3843.mtd.3.tem



other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

    **8.   Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

    **9.   Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

    **10.   Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

    **11.   Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

    **12.   Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

    **13.   Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

    **14.   Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

    **15.   Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

    **16.   Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not

---



TENNESSEE-SECOND MORTGAGE-1/80
Form 3843 - AS AMENDED FOR MERS     Page 4 of 8     DocMagic Tennessee 800-649-1362
www.docmagic.com

Tn3843A.mcrl.5.tem

a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement for the time and in the manner provided by applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in paragraph 12 hereof. Trustee, without demand on Borrower, shall sell the Property at the time and under the terms designated in the notice of sale at public auction to the highest bidder. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto. If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of such purchaser, shall be removable by process such as forcible and unlawful detainer, and hereby agrees to pay to such purchaser the reasonable rental value of the Property after sale.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continued



TENNESSEE-SECOND MORTGAGE-1/80
Form 3843 - AS AMENDED FOR MERS     Page 6 of 8     DocMagic   800-649-1362
www.docmagic.com

Td3843.mzd.6.tem

Case 1:19-cv-00351-CLC Doc 31-4 Filed 04/06/19 Entered 06/06/19 16:40:34 Page 18 of 26
Exhibit     Page 18 of 26
Book R1937 Page 459

unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust without charge to Borrower.

21. **Substitute Trustee.** Lender, at Lender's option, may, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Waiver of Homestead, Redemption and Spousal Rights.** Borrower waives all right of homestead exemption in and equitable and statutory redemption of the Property and Borrower hereby relinquishes all right of dower, curtesy and statutory or elective rights in the Property.

23. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

TENNESSEE-SECOND MORTGAGE-1/80
Form 3843 - AS AMENDED FOR MERS

Page 6 of 8

DocMagic ☎800-649-1362
www.docmagic.com

TN3843026.mzd.6.tem

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 7 of this Deed of Trust.

_____ (Seal)
STEPHEN SHOEMAKE                -Borrower

_____ (Seal)
MARYDEANN SHOEMAKE             -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

Witness: _____

Witness: _____

TENNESSEE-SECOND MORTGAGE-1/80
Form 3843 - AS AMENDED FOR MERS

Page 7 of 8

DocMagic ☎ 800-649-1362
www.docmagic.com

Tn3843.mzd.7.tem

State of Tennessee }
County of *Williamson* }

On this *17th* day of *July, 2006*, before me personally appeared
STEPHEN SHOEMAKE, MARYDIANN SHOEMAKE

to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged
that he/she/they executed the same as his/her/their free act and deed.

_Notary Public_

My commission expires:

*June 18, 2007*

Exhibit A

SITUATE in the NINTH (9ᵗʰ) Civil District of Maury County, Tennessee and being more
particularly described as follows:

Lot 10 of the Taylor's Creek Subdivision, Section 1 as shown by a map of record in Plat
Book P14 at pages 303-304 in the Maury County, Tennessee Register of Deeds Office.

Being a portion of the same property conveyed to Reaves Homes, Inc. by instrument
record in Book R1618 at page 384 and as rerecorded in Book R1680 at page 345 in the
Maury County, Tennessee Register of Deeds office.

SEE ALSO BOOK R1937, PAGE 438.



BK/PREDACTION

Recording Requested By:
Shelving Rock

*Prepared by*

SHELVING ROCK
3 Corporate Drive
2nd Floor
Shelton, CT, 06484
(866) 598-2546



| | | |
|---|---|---|
| 1 [SIGNAL ASSIGNMENT] | | |
| NANCY BATCH [ILLEGIBLE] 11/17/2017 | | [ILLEGIBLE] |
| VALUE | | 0.00 |
| MORTGAGE TAX | | 0.00 |
| TRANSFER TAX | | 0.00 |
| RECORDING FEE | | 10.00 |
| ARCHIVE FEE | | 0.00 |
| DP FEE | | 2.00 |
| REGISTER'S FEE | | 0.00 |
| TOTAL AMOUNT | | 12.00 |

STATE OF TENNESSEE, MAURY COUNTY
**JOHN FLEMING**
REGISTER OF DEEDS

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Document Prepared by: Rochelle Bevelot, Shelving Rock, 3 Corporate Drive, 2nd Drive, Shelton, CT, 06484 (866) 598-2546

TN/MAURY

Assignment Prepared on: November 08, 2017

*Map 101B Grp F Parcel 010,000*

**Assignor:** HOMEVEST CAPITAL, LLC, at 6701 CARMEL ROAD, #110, CHARLOTTE, NC, 28226

**Assignee:** SRP 2012-4, LLC, at 3 CORPORATE DRIVE, SUITE 208, SHELTON, CT, 06484

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Deed of Trust Dated: 7/17/2008, in the amount of $34,800.00, executed by STEPHEN SHOEMAKE AND MARYDIANN SHOEMAKE, HUSBAND AND WIFE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION, ITS SUCCESSORS AND ASSIGNS and Recorded: 8/22/2008, Book: R1937, Page: 455 in MAURY County, State of Tennessee.

Property Address: 1728 AUBURN LANE, COLUMBIA, TN, 38401    *Tax ID: D6010L8 F 01000*

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Maximum principal indebtedness for Tennessee recording tax purposes is $0.00 (zero dollars).

HOMEVEST CAPITAL, LLC
BY: SCD RECOVERY, LLC, ITS ATTORNEY-IN-FACT
BY: SRP 2012-4, LLC, ITS ATTORNEY-IN-FACT

On: _____

Signature: _____
Name:    BRIAN C. NEWMAN
Title:    MANAGER

State of CONNECTICUT
County of FAIRFIELD

On _____ before me, MATTHEW A. SAINSBURY, a Notary Public in and for FAIRFIELD in the State of CONNECTICUT, personally appeared BRIAN C. NEWMAN, MANAGER, SRP 2012-4, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
MATTHEW A. SAINSBURY
Notary Expires: 2/28/2019 / #:

TN/MAURY

*Return to:*

EQUITABLE MORTGAGE SOLUTIONS, LLC
1805 PEARL STREET
CARROLLTON, TEXAS 75006

MATTHEW A. SAINSBURY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES FEB. 28, 20__

RECORDING REQUESTED AND PREPARED BY:
United Mortgage & Loan Investment 6701 Carmel Rd Suite 110 Charlotte, NC 28226
SHARON WHITLEY - UMLIC

And When Recorded Mail To:
United Mortgage & Loan Investment 6701 Carmel Rd Suite 110 Charlotte, NC 28226



## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, 3300 S.W. 34TH AVENUE SUITE 101 OCALA, FL 34474-0000. By these presents does convey, grant, bargain, sell, assign, transfer and set over to: **HOMEVEST CAPITAL, LLC, 6701 CARMEL RD SUITE 110 CHARLOTTE NC 28226-0000.** The described Deed of Trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Deed of Trust in the amount of **$34,800.00** and recorded in the State of **TENNESSEE**, County of **MAURY** Official Records, dated **JULY 17, 2006** and recorded on **AUGUST 22, 2006**, as Instrument No. ---, in Book No. R1937, at Page No. 455.

Original Trustor: **STEPHEN SHOEMAKE AND MARYDIANN SHOEMAKE, HUSBAND AND WIFE.**
Original Beneficiary: **MERS AS NOMINEE FOR OWNIT MORTGAGE SOLUTIONS, INC.** Maximum principal indebtedness for Tennessee recording tax purposes is zero.
Date: JULY 11, 2008
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: *Priscilla T Blake*

PRISCILLA T BLAKE, Assistant Secretary

WITNESS:

(Name): Christian Jurado    (Name): Barbara Dell'Orso

State of    NORTH CAROLINA         }
County of   MECKLENBURG            } ss.

On **JULY 11, 2008** , before me, LISA N. COMBS, a Notary Public, personally appeared **PRISCILLA T BLAKE** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

*Lisa N. Combs*

(Notary Name): LISA N. COMBS

```
LISA N COMBS
NOTARY PUBLIC
Mecklenburg County, North Carolina
My Commission Expires 2/17/2013
```



COLLATERAL CONTROL AGENT
P.O. BOX 471827
CHARLOTTE, NC 28247-1827

BK/PG:R2045/508-508
REDACTION

```
1 PGS : AL - ASSIGNMENT
TRISH  BATCH: 82937
07/15/2008 - 08:26 AM
VALUE                        0.00
MORTGAGE TAX                 0.00
TRANSFER TAX                 0.00
RECORDING FEE               10.00
DP FEE                       2.00
REGISTER'S FEE               0.00
TOTAL AMOUNT                12.00
STATE of TENNESSEE, MAURY COUNTY
JOHN FLEMING
REGISTER OF DEEDS
```

Kristin Zilberstein, Esq. (SBN: 200041)
Jennifer Bergh, Esq. (SBN: 305219)
Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Authorized Agent for Creditor
SRP 2012-4 LLC

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF TENNESSEE – COLUMBIA DIVISION

| | |
|---|---|
| In Re: | CASE NO.:  1:18-bk-01283 |
| Stephen Ray Shoemake and Diann Mitchell Shoemake, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

---

<u>**CERTIFICATE OF SERVICE**</u>

I am employed in the County of Orange, State of California.  I am over the age of

eighteen and not a party to the within action.  My business address is: 1920 Old Tustin

Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of

correspondence for mailing with the United States Postal Service; such correspondence would

1

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On April 30, 2018 I served the following documents described as:

- **PROOF OF CLAIM**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Trustee** |
|---|---|
| Stephen Ray Shoemake | HENRY EDWARD HILDEBRAND, III |
| 1728 Auburn Lane | OFFICE OF THE CHAPTER 13 TRUSTEE |
| Columbia, TN 38401 | PO BOX 340019 |
| | NASHVILLE, TN 37203-0019 |
| **Joint Debtor** | |
| Diann Mitchell Shoemake | **U.S. Trustee** |
| 1728 Auburn Lane | OFFICE OF THE UNITED STATES |
| Columbia, TN 38401 | TRUSTEE |
| | 701 BROADWAY STE 318 |
| **Debtor's Counsel** | NASHVILLE, TN 37203-3966 |
| J. ROBERT HARLAN | |
| HARLAN, SLOCUM & QUILLEN | |
| PO BOX 949 | |
| COLUMBIA, TN 38402-0949 | |

  xx    (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

  xx  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 30, 2018 at Santa Ana, California

*/s / Krystle Miller*
Krystle Miller